# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### COLUMBUS, OHIO DIVISION

07 APR -3 PM 2:26

EH

| | |
|---|---|
| GHULAM ANJUM, ) | CASE NO. 2:06-CV-00319 |
| ) | |
| Plaintiff, ) | Judge Smith |
| ) | |
| -vs- ) | DHS No. A79 683467 |
| ) | |
| ALBERTO GONZALES, Attorney General ) | |
| U.S. Dept. of Justice ) | |
| ) | |
| and ) | |
| ) | |
| ROBERT MUELLER, Director ) | |
| Federal Bureau of Investigation ) | |
| ) | |
| and ) | |
| ) | |
| MARK HANSEN, District Director ) | |
| U.S. Citizenship & Immigration Services, ) | |
| ) | |
| and ) | |
| ) | |
| EMILIO T. GONZALES, Director ) | |
| U.S. Citizenship & Immigration Services, ) | |
| ) | |
| and ) | |
| ) | |
| MICHAEL CHERTOFF, Secretary ) | |
| U.S. Department of Homeland Security, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S AMENDED COMPLAINT
## FOR WRIT IN THE NATURE OF MANDAMUS

1

*NOW COMES* the Plaintiff, Ghulam Anjum, in the above-styled and numbered case, by and through counsel, and for his cause of action would show unto the Court the following:

1.      This action is brought against the Defendants to compel action on Plaintiff's Petition to Remove the Conditions on his residence and Plaintiff's Application for Naturalization, both of which were properly filed by the Plaintiff. Both applications were filed and remain within the jurisdiction of the Defendants, who have improperly withheld action on said applications to Plaintiff's detriment.

### PARTIES

2.      Plaintiff, Ghulam Anjum, is a forty-eight year old male native and citizen of Pakistan. Plaintiff subsequently applied for and obtained lawful permanent resident status in the United States from the former Immigration and Naturalization Service (I.N.S.), which is now known as the United States Citizenship and Immigration Service (U.S.C.I.S.) within the Department of Homeland Security (D.H.S.). Specifically, on October 4, 2001 Plaintiff was given the status of a conditional permanent resident, because at this time his marriage to his U.S. Citizen wife was less than two years old. Plaintiff filed form I-751, Petition to Remove Conditions on Residence, with the Lincoln, Nebraska U.S.C.I.S. Service Center on July 10, 2003. On October 26, 2004 Plaintiff also filed an N-400, Application for Naturalization, with the Lincoln, Nebraska U.S.C.I.S. Service Center. After the completion of preliminary processing by the Lincoln, Nebraska U.S.C.I.S. Service Center, both of Plaintiff's applications were transferred to the appropriate U.S.C.I.S. sub district office in Columbus, Ohio for adjudication. Plaintiff's I-751, Petition to Remove Conditions on Residence is yet to be adjudicated or scheduled for an interview. Plaintiff's N-400, Application for Naturalization, has twice been scheduled for interview by the Columbus, Ohio U.S.C.I.S. Office, first on March 24, 2005 then on April 27, 2006, only to be cancelled both times by that office. Despite numerous inquiries by Plaintiff and undersigned counsel, Plaintiff has not received an interview or a decision on his Petition to Remove Conditions on Residence or his Application for Naturalization.

2

3.      Defendant Robert Mueller is the director of the Federal Bureau of Investigation.
Defendant Alberto Gonzales is the Attorney General of the U.S. Department of Justice.
Defendant District Director Mark Hansen is an official of the Cleveland District of the
U.S.C.I.S., generally charged with supervisory authority over all operations of the U.S.C.I.S.
within his District with certain specific exceptions not relevant here. 8 C.F.R. §
103.1(g)(2)(ii)(B). As will be shown, Defendant District Director is the official with whom
Plaintiff's applications were properly filed. Defendant Emilio T. Gonzales is the Director of the
U.S.C.I.S. and is charged with fundamentally transforming the delivery of services by the U.S.
immigration system. Defendant Michael Chertoff is the Secretary of the D.H.S.

## JURISDICTION

4.      Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 *et
seq.*, and 28 U.S.C. § 2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

5.      Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), in that this is an action
against officers and agencies of the United States in their official capacities, brought in the
District where a Defendant resides and where a substantial part of the events or omissions giving
rise to Plaintiff's claim occurred.

## EXHAUSTION OF REMEDIES

6.      Plaintiff has exhausted his administrative remedies. Plaintiff has, through present counsel,
made numerous inquiries concerning the status of his permanent residency application to no
avail.

## CAUSE OF ACTION

7.      Plaintiff, Ghulam Anjum, is a forty-eight year old male native and citizen of Pakistan.
On April 23, 2001 Plaintiff married a U.S. Citizen, Janie K. Heaphey. Based upon this marriage,
Plaintiff subsequently applied for and obtained lawful permanent resident status from the I.N.S.,

3

which is now known as the U.S.C.I.S within the D.H.S. Specifically, on October 4, 2001 Plaintiff was given the status of a conditional permanent resident, because at this time his marriage to his U.S. Citizen wife was less than two years old. A copy of Plaintiff's Permanent Resident Card is attached hereto as Exhibit A. As required by law, Plaintiff filed form I-751, Petition to Remove Conditions on Residence, with the Lincoln, Nebraska U.S.C.I.S. Service Center on July 10, 2003. A copy of the I-751 receipt notice is attached hereto as Exhibit B. On October 26, 2004 Plaintiff also filed an N-400, Application for Naturalization, with the Lincoln, Nebraska U.S.C.I.S. Service Center. After the completion of preliminary processing by the Lincoln, Nebraska U.S.C.I.S. Service Center, both of Plaintiff's applications were transferred to the appropriate U.S.C.I.S. sub district office in Columbus, Ohio for adjudication. Plaintiff's I-751, Petition to Remove Conditions on Residence is yet to be adjudicated or scheduled for an interview. Plaintiff's N-400, Application for Naturalization, has twice been scheduled for interview by the Columbus, Ohio U.S.C.I.S. Office, first on March 24, 2005 then on April 27, 2006, only to be cancelled both times by that office. A copy of these interview cancellation notices are attached collectively as Exhibit C. Despite numerous inquiries by Plaintiff and undersigned counsel, Plaintiff has not received an interview or a decision on his Petition to Remove Conditions on Residence or his Application for Naturalization. Copies of some of these inquiries along with responses from U.S.C.I.S. have been attached collectively as Exhibit D. Approval of the I-751 is a prerequisite to the Plaintiff removing the conditions on his lawful permanent resident status. Approval of the N-400 is a prerequisite to the Plaintiff obtaining naturalization and becoming a U.S. Citizen.

8.      The I-751 Petition was in fact received by the Lincoln, Nebraska U.S.C.I.S. Service Center on July 10, 2003. The N-400 Application was in fact received by the Lincoln, Nebraska U.S.C.I.S. Service Center on October 26, 2004.

9.      All legal prerequisites having been satisfied, Plaintiff's applications were transferred by the Lincoln, Nebraska Service Center of the U.S.C.I.S. to the Defendant District Director at the Columbus, Ohio U.S.C.I.S. office for adjudication

4

10.     Plaintiff's Petition to Remove the Conditions on Residence has now remained unadjudicated for over 33 months. Plaintiff's Application for Naturalization has no been pending for nearly 18 months.

11.     Defendants have sufficient information to determine Plaintiff's eligibility for these applications pursuant to applicable requirements. To date, said applications has not been adjudicated, nor has Plaintiff been interviewed on these applications.

12.     Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, have delayed in and have refused to adjudicate Plaintiff's Applications for an unreasonable period of time, thereby depriving Plaintiff of the right to a decision on his immigration status and the peace of mind to which Plaintiff is entitled.

13.     Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

        (a)     Plaintiff has been damaged in that the conditions on his lawful permanent resident status have not been removed.

        (b)     Plaintiff has further been damaged by being deprived of U.S. Citizenship.

14.     The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

15.     Plaintiff has made numerous status inquiries, both on his own and through present counsel in an attempt to secure adjudication of these applications, all to no avail. Accordingly,

5

Plaintiff has been forced to incur additional attorney fees and court costs to pursue the instant action.

## PRAYER

16.     WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

      (a)     requiring Defendants to adjudicate Plaintiff's Petition to Remove the Conditions on his Residence;

      (b)     requiring Defendants to adjudicate Plaintiff's Application for Naturalization;

      (c)     awarding Plaintiffs reasonable attorney's fees; and

      (d)     granting such other relief at law and in equity as justice may require.

Respectfully submitted,

_____
Douglas S. Weigle (OH #0000747)
Attorney for Plaintiff, Ghulam Anjum
*BARTLETT & WEIGLE CO., L.P.A.*
432 Walnut Street, Suite 1100
Cincinnati, Ohio 45202
(513)241-3992

6